**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **TRP Brands, LLC,** *et al.*, | § | **Case No. 24-1529** |
| **Debtors.** | § | **(Jointly Administered)** |
| **MATTHEW BRASH, solely in his capacity as Trustee of the TRP Brands Creditor Trust,** | | **Adv. No. 26-00137** |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| **DELIVERIGHT LOGISTICS INC.,** | § | |
| **Defendant.** | § | |
| | § | |

**FIRST AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Plaintiff, Matthew Brash, solely in his capacity as Trustee of the Creditor Trust for the TRP

Brands, LLC bankruptcy estates (the "Trust"), by and through its undersigned counsel, alleges as

follows:

*Nature of the Action*

1.      This is an adversary proceeding to avoid and recover certain transfers made by the

Debtors to Defendant within 90 days prior to the commencement of these Chapter 11 cases under

11 U.S.C. §§ 547 and 550.

*Jurisdiction and Venue*

2.      This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157

and 1334.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).  Plaintiff consents to the entry of final orders or judgment by this Court.

4.      Venue is proper under 28 U.S.C. § 1409(a).

*Parties*

5.      Plaintiff, Matthew Brash, is the duly appointed Trustee of the Trust, which was established pursuant to the confirmed Plan of Reorganization of TRP Brands LLC and The RoomPlace Furniture and Mattress LLC (collectively, the "Debtors").  Under the Plan and the Confirmation Order, the Creditor Trust—and the Trustee acting on its behalf—was vested with authority to pursue all estate causes of action, including avoidance actions under chapter 5 of the Bankruptcy Code.

6.      Defendant Deliveright Logistics Inc. is a corporation engaged in logistics and delivery services.  Upon information and belief, Defendant maintains its principal place of business at 176 LFI Complex Lane, Lexington, North Carolina 27295, and maintains a primary place of business in New Jersey at 1000 Jefferson Avenue, Elizabeth, New Jersey 07201.  Service is being effected upon Defendant's registered agent, CT Corporation System, at 820 Bear Tavern Road, West Trenton, New Jersey 08628.

*Factual Allegations*

7.      On February 2, 2024, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

8.      Prior to the Petition Date, Defendant provided last-mile logistics and delivery coordination services to The RoomPlace Furniture and Mattress LLC (the "Debtor") pursuant to a commercial services arrangement under which Defendant arranged delivery of furniture purchased

by the Debtor's customers.  In connection with those services, Defendant periodically issued invoices to the Debtor, which the Debtor paid through the transfers described below.

9. On or about November 8, 2023, during the ninety days preceding the Petition Date, the Debtor transferred $33,641.01 to Defendant Deliveright Logistics, Inc. on account of Invoice No. 29861 dated October 9, 2023 for logistics and delivery services provided to the Debtor.

10. On or about November 16, 2023, during the ninety days preceding the Petition Date, the Debtor transferred $33,183.22 to Defendant on account of Invoice No. 29971 dated October 16, 2023.

11. On or about November 22, 2023, during the ninety days preceding the Petition Date, the Debtor transferred $31,153.80 to Defendant on account of Invoice No. 30079 dated October 24, 2023.

12. On or about November 30, 2023, during the ninety days preceding the Petition Date, the Debtor transferred $29,082.82 to Defendant on account of Invoice No. 30203 dated October 30, 2023.

13. On or about December 7, 2023, during the ninety days preceding the Petition Date, the Debtor transferred $21,292.64 to Defendant on account of Invoice No. 30352 dated November 6, 2023.

14. On or about December 14, 2023, during the ninety days preceding the Petition Date, the Debtor transferred $23,667.48 to Defendant on account of Invoice No. 30455 dated November 13, 2023.

15. On or about December 21, 2023, during the ninety days preceding the Petition Date, the Debtor transferred $24,669.12 to Defendant on account of Invoice No. 30550 dated November 20, 2023.

16.     On or about December 28, 2023, during the ninety days preceding the Petition Date, the Debtor transferred $16,738.25 to Defendant on account of Invoice No. 30662 dated November 27, 2023.

17.     On or about December 28, 2023, during the ninety days preceding the Petition Date, the Debtor transferred $60.00 to Defendant on account of Invoice No. 30664 dated November 27, 2023.

18.     On or about January 8, 2024, during the ninety days preceding the Petition Date, the Debtor transferred $240.00 to Defendant on account of Invoice No. 30797 dated December 4, 2023.

19.     On or about January 8, 2024, during the ninety days preceding the Petition Date, the Debtor transferred $18,529.16 to Defendant on account of Invoice No. 30799 dated December 4, 2023.

20.     On or about January 10, 2024, during the ninety days preceding the Petition Date, the Debtor transferred $30.00 to Defendant on account of Invoice No. 30981 dated December 11, 2023.

21.     On or about January 10, 2024, during the ninety days preceding the Petition Date, the Debtor transferred $25,086.19 to Defendant on account of Invoice No. 30982 dated December 11, 2023.

22.     On or about January 19, 2024, during the ninety days preceding the Petition Date, the Debtor transferred $90.00 to Defendant on account of Invoice No. 31092 dated December 18, 2023.

23.     On or about January 19, 2024, during the ninety days preceding the Petition Date, the Debtor transferred $21,587.37 to Defendant on account of Invoice No. 31093 dated December 18, 2023.

24.     On or about January 29, 2024, during the ninety days preceding the Petition Date, the Debtor transferred $21,910.53 to Defendant on account of Invoice No. 31309 dated December 26, 2023.

25.     On or about January 31, 2024, during the ninety days preceding the Petition Date, the Debtor transferred $34,408.01 to Defendant on account of Invoice No. 31646 dated January 2, 2024.

26.     The transfers described above (the "Transfers") total $331,652.19, all of which were made within the ninety days preceding the Petition Date.  The Transfers were derived from and correspond to payment records, remittance data, and invoice records maintained in the Debtor's books and records and reviewed by the Trustee and his advisors in connection with the pre-suit investigation described below.

27.     The Transfers were made by the Debtor to or for the benefit of Defendant on account of antecedent debts owed by the Debtor.

28.     The Debtor was insolvent at the time of the Transfers, as presumed under 11 U.S.C. § 547(f).

29.     The Transfers enabled Defendant to receive more than it would have received if:

a.   The Debtor's case had been a case under Chapter 7;

b.   The Transfers had not been made; and

c.   Defendant received payment on account of its debts to the extent provided by the Bankruptcy Code.

5

30.     Before bringing this action, and continuing through the filing of this Amended Complaint, Plaintiff undertook reasonable due diligence under the circumstances of the case.  That diligence included review of the Debtors' books and records, including accounts payable ledgers, payment histories, remittance data, bank statements, and invoice records relating to Defendant.  Plaintiff also reviewed correspondence and other available information concerning Defendant's business relationship with the Debtor and the services provided to the Debtor during the relevant period.  In addition, Plaintiff reviewed and analyzed information compiled by the Trust's financial advisor, Newpoint Advisors Corporation, which analyzed payments made to Defendant during the ninety days preceding the Petition Date and identified the underlying invoices and related transactions reflected in the Debtors' books and records.  Plaintiff further evaluated whether known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c) might apply, including but not limited to defenses relating to ordinary course of business, contemporaneous exchange for new value, subsequent new value, and trust fund or earmarking theories.  Based on that diligence and continuing investigation, Plaintiff determined that the Transfers identified herein are avoidable preferential transfers and are not protected by any reasonably knowable affirmative defenses.

**COUNT ONE**
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

31.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 30.

32.     Each of the Transfers constitutes a transfer of an interest of the Debtor in property avoidable under 11 U.S.C. §547(b).

**COUNT TWO**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

33.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 32.

34.     Defendant was the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee, or the entity for whose benefit the Transfers were made.

35.     Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the amount of the avoided Transfers, plus interest and costs.

*Prayer for Relief*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

a.  Avoiding the Transfers pursuant to 11 U.S.C. § 547;

b. Awarding recovery of the avoided Transfers pursuant to 11 U.S.C. § 550, in the amount of $331,652.19, plus interest from the date of demand and costs of suit;

c. Granting such other and further relief as the Court may deem just and proper.

Dated: <u>March 5, 2026</u>

Respectfully submitted,

<u>s/ Matt Wawrzyn</u>_____
Matthew M. Wawrzyn (ARDC#62763138)
FISHERBROYLES, LLP
203 N. LaSalle St., Suite 2100
Chicago, IL 60601
(224) 777-1787
Matthew.Wawrzyn@fisherbroyles.com

*Counsel for Creditor Trustee – Plaintiff*